J-S17030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT BRUNDAGE, JR. :
:
Appellant : No. 3549 EDA 2017

Appeal from the PCRA Order, September 28, 2017,
in the Court of Common Pleas of Wayne County,
Criminal Division at No(s): CP-64-CR-0000033-2014.

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

CONCURRING STATEMENT BY: KUNSELMAN, J.: **FILED JUNE 26, 2018**

I join fully in this Court's majority memorandum. I write separately to emphasize the error of Robert Brundage's trial counsel when he concluded his representation before his responsibilities as a lawyer ended. It appears that after the post-sentence motion was denied, and throughout the litigation, trial counsel informed his client "I don't do appeals" and believed that was the end of his obligation. The Pennsylvania Rules of Criminal Procedure, however, presume that an attorney of record will remain in a case through a direct appeal. Specifically, Rule 120(A)(4) provides: "An attorney who has been retained or appointed by the court shall continue such representation ***through direct appeal*** or until granted leave to withdraw by the court pursuant to paragraph (B)." Pa.R.Crim.P. 120(A) (emphasis added).

Once a lawyer enters an appearance on a case, that lawyer may not unilaterally dictate when his or her representation ends, especially in a criminal case where a defendant has a Sixth Amendment right to counsel at all stages of the proceeding. Only a court may say when the representation ends. Prior to the conclusion of a direct appeal, a lawyer must seek permission to withdraw before ending representation. Pa. R. Crim. P. 120(B). The court must ensure that the defendant's right to counsel is protected.

As the Comment to Rule 120 states:

> **The court** must make a determination as to the status of the case before permitting counsel to withdraw. Although there are many factors considered by the court in determining whether there is good cause to the permit the withdrawal of counsel, when granting leave, the court should determine whether new counsel will be stepping in or the defendant is proceeding without counsel, and that the change in attorneys will not delay the proceedings or prejudice the defendant, **particularly concerning time limits**.

Comment to Pa.R.Crim.P. 120 (emphasis added).

The Comment lists several factors for the court to consider, including whether the client has met financial obligations to the attorney and the contractual agreement between the attorney and client. Here, the lawyer may have had a valid reason to withdraw his representation, (i.e. if he was not retained for the appeal), but that reason is irrelevant; it appears he left his client during the critical time-period to file a notice of appeal. Counsel sent his client a letter informing him he had thirty (30) days to file an appeal, but he did not talk with his client about the merits of an appeal. As the majority correctly holds, this is not enough under **Roe v. Flores-Ortega,** 528 U.S.

470, 479 (2000). Additionally the letter did not inform the client of his right to counsel during the appeal. N.T., 4/24/17, at 33.

Testimony at the PCRA hearing indicated that Brundage's sister tried to contact counsel on behalf of her brother, during the appeal time-period, but counsel did not return her calls or texts; she was under the impression that counsel "was still hired" and did not know she and her brother "needed to hire a different [lawyer]." *Id*. at 43-45. The PCRA court did not mention the sister's testimony in its 1925(a) opinion; thus, we have no indication of whether the testimony was credible. However, the evidence at the PCRA hearing clearly showed that Brundage was interested in filing an appeal, but he knew his lawyer would not help him do so. Additionally, Brundage was not aware of his right to have a lawyer assist him in filing the appeal.

I find it troubling that any lawyer, particularly a criminal defense lawyer, would choose to abruptly end representation before the case is finished. Here, Brundage was clearly prejudiced by this action. If his trial counsel had filed a motion to withdraw either with his post-sentence motion, or immediately upon the denial of the post-sentence motion, the court could have appointed a public defender or Brundage could have retained another lawyer to handle the appeal. At a minimum, counsel should have timely filed the notice of appeal, to preserve his client's appellate rights, and then properly sought leave to withdraw. Had he done so, again, the court could have appointed substitute counsel or such counsel could have been retained to represent Brundage

during the direct appeal; substitute counsel then could have assessed the merits of the appeal and proceeded accordingly.

Regardless of the language in a retainer agreement or discussions with the client, under the Pennsylvania Rules of Criminal Procedure, defense counsel cannot abandon a client until the case is completed, which includes a direct appeal. If a lawyer wishes to withdraw before the case is over, he or she **must seek court approval** before doing so, to ensure the client has adequate representation through all stages of the litigation. As this did not occur in this case, I agree that the order denying post-conviction relief should be reversed and Brundage's appellate rights reinstated.

President Judge Emeritus Bender and Judge Lazarus join this Concurring Statement.